UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ESTHER GALICIA-RIVERA,
JOSE EDUARDO SANTIAGO, and
JOSE CASTANEDA MARTINEZ, *on behalf of themselves, and others similarly situated,*

*Plaintiffs,*

-against-

BAKIR, INC., dba LINCOLN MARKET;
POM GROUP INC., dba LINCOLN MARKET;
POM GROUP II INC., dba LINCOLN MARKET
LM III INC., dba LINCOLN MARKET;
*and* KHALID INNAB, *individually,*

*Defendants.*

Case No.: 21 cv 5571 (RLM)

---

## JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT

The plaintiffs are former employees of Lincoln Market, a trio of grocery stores in Brooklyn. The corporate defendants along with shareholder Khalid Innab are collectively referred to as the "Defendants".[1] Plaintiffs and Defendants, collectively referred to as the "Parties" herein, respectfully make this request that the Court approve their settlement of the above-captioned matter. As the Plaintiffs' action and claims arise under the Fair Labor Standards Act, 29 USC § 216(b) ("FLSA"), the Parties' settlement must be approved by this Court.

> The Fair Labor Standards Act expressly prohibits settlement of any right to unpaid minimum wages or unpaid overtime claims by employees, made pursuant to 29 USC §§ 206-07, without the supervision of the Secretary of Labor. 29 USC §216(c) (noting that a supervised settlement agreement "shall constitute a waiver by such employee of any right he may have [to pursue a private cause of action under FLSA"]). Courts have allowed an additional exception to FLSA's restriction on settlement to include judicially-supervised stipulated settlements.

---

[1] The claim was brought by three (3) individuals. Though pleaded as a collective action, the plaintiffs never sought collective action certification, and there are no unrepresented/putative plaintiffs. The individual defendant Khalid Innab is not participating in the settlement except that the case will be dismissed against him with prejudice, upon payment.

*See Cheeks v. Freeport Pancake House*, 2015 WL 4664283 (2d Cir. August 7, 2015); *See also, Manning v. New York Univ.*, 2001 WL 963982, *12-13 (SDNY 2001)(citing D.A. Schulte, Inc., v. Gangi*, 328 US 108, 113 n.8 (1946) and *Lynn's Food Stores, Inc. v. United States ex. Rel. U.S. Dept. of Labor*, 679 F.2d 1350 (11th Cir. 1982).

The Parties have executed a written settlement agreement (the "Settlement Agreement"), a copy of which is annexed as Exhibit "1", and jointly ask the Court to approve the settlement and, upon completion of the payment, allow the parties to file a dismissal of the case with prejudice as set forth in Exhibit "3".

## I.   PROCEDURAL HISTORY

Plaintiffs filed the Complaint on October 7, 2021, alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and violations of Articles 6 and 19 of the New York State Labor Law ("NYLL") and their supporting New York State Department of Labor regulations. [Dckt No. 1]. On November 17, 2021 defense counsel appeared. [Docker 10]

On March 14, 2022, Defendants filed their answer, generally denying the allegations of the Complaint. [Dckt. No. 12].

Between November 2021 and April 2022, the parties exchanged records and calculations. Ongoing settlement negotiations were held between the parties and informal discovery was exchanged. On April 19, 2022 counsel reported to the court that the parties successfully resolved the case.

## II.   FACTUAL BACKGROUND

The Plaintiffs worked at "Lincoln Market" in Brooklyn. They punched a time clock and were paid at all times at least minimum wage, but they alleged that they were paid "straight time" and as such, were owed an overtime premium for hours worked above forty (40) each week. The defendants denied liability and otherwise contested plaintiffs' damages calculations.

**Plaintiffs' Claims**

1. **Esther Galicia Rivera**

Ms. Galicia-Rivera worked at two (2) locations of Lincoln Market during one (1) year, beginning in September 2020 and ending in September 2021. She worked up to fifty-two (52) hours per week and was paid $15.00 per hour. She alleged that she was owed $7.50 for her overtime hours. According to his counsel, she is owed approximately four thousand dollars ($4,000) in overtime premiums.

2. **Jose Eduardo Santiago**

Mr. Santiago worked at Lincoln Market on Marcy Avenue during five (5) months. He worked up to fifty-four (54) hours per week and was paid $15.00 per hour. He alleged that he was owed $7.50 for his overtime hours. According to his counsel, he is owed less than two thousand dollars ($2,000), in addition to liquidated damages.

3. **Jose Castaneda**

Mr. Castaneda worked at Lincoln Market on Fulton Street during one (1) year. He worked up to fifty-four (54) hours per week and was paid $15.00 - $17.00 per hour. He alleged that he was his overtime premium for hours worked in excess of forty (40). According to his counsel, he is owed approximately three thousand dollars ($3,000), plus an equal amount in liquidated damages.

All plaintiffs may also recover liquidated damages, under Federal and State law, at 100% of the wage deficiency.

As indicated, we discussed pursuing a collective action but plaintiffs preferred to seek resolution and not pursue collective action certification of the case. No non-parties current or

former employees will be affected by the settlement of this case.

### III. THE SETTLEMENT

After extensive negotiations, the parties reached a settlement in the amount of $23,500. The proposed distribution is Esther Galicia-Rivera: $6,000.00; Jose Eduardo Saniago: $4,260.00; Jose Castaneda Martinez: $4,965.00; Cilenti & Cooper, PLLC: $7,612 (one-third net of costs), in full satisfaction of attorneys' fees; and $663.00 in full satisfaction of costs. The settlement makes plaintiffs whole, after payment of fees and reimbursement of costs.

Of course, defendants had defenses which were supported by documents and witnesses, and the eventual outcome of the case entailed risk to all parties. The court generously provided the parties space to discuss the case and reach agreement. Throughout the proceedings, all parties participated in good faith and with assistance of experienced counsel.

The parties represent to the court that the settlement is a fair and reasonable resolution of bona fide disputes, reached as a result of contested litigation from pleadings and informal discovery. The amount of the settlement is twenty-three thousand five hundred dollars ($23,500.00), payable in one installment. Seven thousand six hundred twelve dollars, representing *one-third* of the settlement, will be distributed to Cilenti and Cooper, who represented the plaintiffs.

Exhibit "2" to this application are plaintiffs' counsel's billing records and retainer. Notably, the settlement provides protection to the plaintiffs in case of non-payment. The settlement structure is such that that payment will made (in one installment) before the dismissal is filed; this will save ongoing litigation expenses and avoid risk of non-payment for this uninsured claim.

All parties recognized that there were valid factual disputes concerning the hours worked by the plaintiffs and the sufficiency of the wages they were paid.

Counsel on both sides have experience in this area of practice and worked with their respective clients to reach a fair and efficient resolution. Indeed, the parties respectfully submit that the settlement clearly "reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Le v. SITA Info. Networking Computing USA, Inc.*, 2008 WL 724155 at *1 (E.D.N.Y. 2008) (*quoting Lynn's Food Stores v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982). Here, the settlement was reached as a result of repeated arm's length negotiations over the course of almost eight (8) months, between counsel who are well versed in the prosecution and defense of wage and hour collective actions, and after countless phone calls between counsel. Courts typically regard the adversarial nature of a litigated FLSA case resolved via mediation to be a good indicator of the fairness of the settlement. *See, Aponte v. Comprehensive Health Management, Inc.*, 2013 WL 1364147 at *4 (S.D.N.Y. 2013).

## IV. ATTORNEYS' FEES

Both the FLSA and the Labor Law provide for awards of attorneys' fees and costs to plaintiffs who prevail on their claims under those statutes. *See* 29 U.S.C. § 216(b) ("The court in such action *shall*, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.") (emphasis added); N.Y. Lab. Law 198(1-a), 663(1). The FLSA and state wage and hour laws provide for fee-shifting to ensure that workers are not disadvantaged when they use the courts to recover unpaid wages guaranteed by statute. The fee-shifting provisions are intended to help overcome these hurdles and encourage competent counsel to take on representations and skillfully represent

their clients. In this case plaintiffs' counsel requests one-third pursuant to its retainer with the plaintiffs. Recognizing the "significant risks" undertaken by attorneys who work on contingency, the New York State Court of Appeals has upheld such agreements of one-third or higher. *In Re: Lawrence*, 2014 WL 5430622 (NY October 28, 2014). In this case, the fee requested is one-third, which is less than what the firm would have billed hourly in its representation of these individual plaintiffs. The firm's retainer and billing records are annexed hereto as Exhibit "2".

## V.   CONCLUSION

Wherefore, the Parties jointly and respectfully request that this Court approve the Settlement Agreement of the Parties, and require counsel to dismiss the instant action between the parties with prejudice, at the time of payment. The Agreement avoids the risk of collection by and permits a reasonable settlement without the parties having to incur the expense and significant risk of trial.

WHEREFORE, the Parties jointly and respectfully request that this Court approve the Settlement Agreement of the Parties, and order the parties to file the dismissal of the action with prejudice as set forth in Exhibit "3", at the time of payment (three (3) weeks after approval).

Dated: June 13, 2022
New York City

Respectfully submitted,

| CILENTI & COOPER, PLLC | THE ABOUSHI LAW FIRM |
|---|---|
| /s/ Peter H. Cooper, Esq. | /s/ Aymen A. Aboushi, Esq. |
| By:_____ | By:_____ |
| Peter Hans Cooper, Esq. | Aymen A. Aboushi, Esq. |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants* |
| 200 Park Avenue – 17th Floor | 1441 Broadway – 5th Floor |
| New York, New York 10166 | New York, New York 10018 |
| Telephone (212) 209-3933 | Telephone (212) 391-8500 |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants* |